UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES GREFER,

                    Petitioner,

  v.                                      9:17-CV-1299
                                           (MAD/TWD)
LARRY FRANK,

                    Respondent.

---

APPEARANCES:                                  OF COUNSEL:

CHARLES GREFER
Petitioner, pro se
14-B-0204
Ogdensburg Correctional Facility
One Correction Way
Ogdensburg, NY 13669

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

Petitioner Charles Grefer has filed a motion to reargue his previously denied motions to "stay" the state court sentence he is serving and to expedite this action. Dkt. No. 14, Motion to Reargue. For the reasons that follow, petitioner's motion is denied.

## I.    RELEVANT BACKGROUND

On November 28, 2017, petitioner filed (among other things) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner challenges the revocation of his parole and re-incarceration for a term of 15 months, following a hearing. Pet. at 1-2.[1] Petitioner asserted that he filed an administrative appeal with the

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

New York State Department of Corrections and Community Supervision's ("DOCCS") Division of Parole, which, at the time he filed his petition, was "being perfected" by assigned counsel. *Id.* at 3. He further asserted that, in June 2017, he filed a state petition for habeas corpus, which was subsequently dismissed by the St. Lawrence County Supreme Court. *Id.* Although petitioner was still pursuing his administrative appeal and had sought leave to appeal from the dismissal of his state habeas petition, he filed his federal habeas petition because, he alleged, he was being released in "less than four months" and the requirement that he exhaust his state court remedies would "frustrate" his "constitutional rights." *Id.* at 3-4, 10. As he acknowledged, he filed his federal habeas petition "prior to exhausting all state remedies in the interest of justice[.]" *Id.* at 4. On December 14, 2017, the Court directed respondent to file an answer to the petition. Dkt. No. 8 at 4, Decision and Order, filed Dec. 14, 2017.

On January 3, 2018, petitioner filed a motion requesting a "stay" of the sentence he was already serving on his parole revocation, as well as an "expedited proceeding" in this case. Dkt. No. 10, Letter Motion. Petitioner argued that the briefing schedule in this case would "effectively render any decision from this Court moot" and "frustrate [his] rights" because he would have completed the sentence related to the parole revocation. *Id.* at 10. In a Text Order filed on January 11, 2018, the Court denied both requests. Dkt. No. 11, Text Order, filed Jan. 11, 2018.

## II.    MOTION TO REARGUE

In his motion to reargue, petitioner "restates that [the] failure to grant a stay of sentence and expedition of proceeding will" cause him to "suffer the irrevokable damage of unlawful incarceration" because he will complete the sentence imposed upon his parole

2

revocation before the Court adjudicates his habeas petition. Dkt. No. 14 at 1.[2] As a result, he asserts, a decision from this Court with respect to his petition will have "no meaningful effect[.]" *Id.* Petitioner further argues that he "retains the presumption of being innocent" and "has a right to bail" because he is collaterally attacking the determination that he violated the terms of his parole. *Id.* at 2.

## III.   DISCUSSION

The standard for reconsideration is strict, and a motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court "overlooked" and that might "reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007) (citations omitted). The Court will grant reconsideration based on petitioner's apparent contention that it overlooked the arguments set forth in his motion. The result is the same.

In essence, petitioner's requests to expedite this proceeding and for his release pending a determination on his federal habeas petition are predicated upon the fact that the sentence he is serving is relatively short. That circumstance is insufficient to grant the relief petitioner seeks. "The risk of penal servitude upon an adverse decision pending an appeal is inherent in most criminal proceedings before final adjudication by the highest State court or

---

[2] Petitioner asserts that he will be released on parole on March 15, 2018. Dkt. No. 13.

the Supreme Court of the United States." *U.S. ex rel Zevin v. Cahn*, 282 F. Supp. 275, 279 (E.D.N.Y. Mar. 6, 1968). As a result, "a State prisoner who has not exhausted his State remedies, is not entitled to release pending appeal even though the shortness of his term and his financial inability to obtain bail will require him to complete his sentence before the State remedy can be effective." *Cahn*, 282 F. Supp. at 279.

Courts in this circuit have dismissed petitions for failure to exhaust state court remedies, even when the sentence imposed may be completed before the exhaustion process is complete. *See, e.g., Mothersell v. Hanna*, No. 9:17-CV-0771 (GTS/DEP), 2017 WL 4444040, at *2-3 (N.D.N.Y. Oct. 4, 2017) (rejecting petitioner's argument that he was not required to exhaust his state court remedies because he may have completed his sentence before doing so; explaining that such a circumstance "do[es] not render exhaustion . . . futile" under 28 U.S.C. § 2254(b)(1)(B)); *Jumpp v. Cournoyer*, No. 3:15-CV-0892, 2016 WL 3647146, at *4 (D. Conn. June 30, 2016) ("Even if [petitioner's] claims do become moot, neither the State's inherent adjudication process or its processing of this particular case is at fault.").[3] Upon initial review of the petition, the Court did not, out of an abundance of caution, *sua sponte* dismiss the petition for petitioner's failure to completely exhaust his state court remedies. *See* Dkt. No. 8. However, based on the same logic as those cases in which the failure to exhaust state court remedies is not excused, the Court concludes that expediting this proceeding, merely because petitioner's sentence upon his parole revocation is brief, is

---

[3] *See also, e.g., McKinney v. Shinn*, No. 2:17-CV-0648, 2017 WL 2312826, at *4 (C.D. Cal. Apr. 24, 2017) ("As to Petitioner's approaching release, [his] fear that the appeal process may take too long is simply not a sufficient basis to waive the exhaustion requirement.") (internal quotation marks omitted) (collecting cases), *adopted*, 2017 WL 2312350 (C.D. Cal. May 26, 2017); *Jebe v. Kastner*, No. 1:12-CV-2112, 2013 WL 248063, at *2 (D. Colo. Jan. 23, 2013) (dismissing petition pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies; explaining that "[t]he fact that [petitioner] has had difficulty complying with the BOP administrative remedy procedure or that he is approaching his release date [scheduled for two months later] does not demonstrate that exhaustion of administrative remedies would be futile").

unwarranted. To expedite these proceedings, based only upon petitioner's speculative assertion that an administrative and/or state judicial appeal will take too long, would undermine the state courts' role and disrupt administrative and judicial proceedings that petitioner asserts he is pursuing. Pet. at 3. The length of petitioner's sentence is an insufficient basis for expediting this proceeding.[4]

With respect to his request for "a stay of sentence" (Dkt. No. 14 at 3), the Court finds no reason to deviate from its previous denial of this request. "[T]he standard for bail pending habeas litigation is a difficult one to meet: [t]he petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (internal quotation marks omitted). The Court cannot conclude that petitioner's claims are so substantial as to justify the "unusual" remedy of granting bail, and the fact that he is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance. *Id.* at 226; *see generally Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and finding "nothing unusual" about petitioner's argument that, "if the habeas writ is granted, it will mean that his

---

[4] The Court notes that petitioner does not contend that he is suffering any unusual or inordinate delay in the processing of his administrative or state court remedies such that resort to those remedies is futile, and nothing in his petition or motions supports that conclusion. *See, e.g., Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013) (explaining that futility is present only "when there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists'"), *aff'd*, 570 F. App'x 42 (2d Cir. 2014) (summary order) (quoting *Francis S. v. Stone*, 995 F. Supp. 368, 380 (S.D.N.Y. 1998)); *see generally Nordahl v. Rivera*, No. 7:08-CV-5565, 2010 WL 9444862, at *2 (S.D.N.Y. Apr. 7, 2010) ("Petitioner believes he is entitled to immediate release, and that any delay in a court's consideration of his claim may prevent him from actually achieving release before his sentence is complete. However, this is not a situation where the available state court remedy can be said to be futile–if Petitioner can present an appropriate claim to the state court, the state court is in an equal position with the federal court to grant a remedy. The potential state court remedy is not futile, merely because the conclusion of Petitioner's sentence of incarceration (but not his postrelease supervision term) may arrive before consideration of his Petition in this Court is complete."), *adopted*, 2013 WL 1187478, at *1 (S.D.N.Y. Mar. 21, 2013).

incarceration . . . would have been without basis," given that "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful").  To the extent that petitioner argues that he "retains the presumption of being innocent" because he filed a habeas petition (Dkt. No. 14 at 2), the Court disagrees.  Petitioner "comes before the habeas court with a strong–and in the vast majority of cases conclusive–presumption of guilt."  *Schlup v. Delo*, 513 U.S. 298, 326 n. 42 (1995); *see also, e.g., Herrera v. Collins*, 506 U.S. 390, 399-400 (1993).

## IV.     CONCLUSION

Upon reconsideration of petitioner's motions, the Court finds no basis for altering its conclusions that expediting this proceeding and granting him bail pending a final determination on his petition is unwarranted.

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 14) of the Court's January 11, 2018, Text Order (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that upon reconsideration, petitioner's motions to expedite this proceeding and for bail or release pending a determination on his federal habeas petition remain **DENIED**.  The Court again makes no determination regarding the merits of any of the claims raised in the petition; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[5] and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007).

accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: January 29, 2018
      Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge