**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**CHARLES GREFER,**

                                    **Petitioner,**

         **vs.**                                                    **9:17-cv-1299**
                                                                    **(MAD/TWD)**

**LARRY FRANK,** *Superintendent, Ogdensburg*
*Correctional Facility,*

                                    **Respondent.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**CHARLES GREFER**
Open Door Mission
210 West Main Street
Rochester, New York 14614
Petitioner *pro se*

**OFFICE OF THE NEW YORK**               **MATTHEW B. KELLER, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Petitioner Charles Grefer, formerly incarcerated at Ogdensburg Correctional Facility,

commenced this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus challenging

the revocation of his parole and re-incarceration for a term of fifteen (15) months, following a

hearing before an administrative law judge.  *See* Dkt. No. 1.  Respondent sought and received

permission to limit his answer to the issue of exhaustion.  *See* Dkt. Nos. 17 & 18.

In a March 3, 2021, Magistrate Judge Dancks issued a Report-Recommendation and Order recommending that the Court deny and dismiss the petition. *See* Dkt. No. 35. Specifically, Magistrate Judge Dancks found that Petitioner failed to exhaust his claims prior to bringing this suit. *See id.* at 8-14. Magistrate Judge Dancks noted that Petitioner was actively litigating parallel actions in this Court and the Appellate Division, in addition to "perfecting" his administrative appeal with DOCCS' Division of Parole, Appeals Unit. *See id.* at 8. Further, Magistrate Judge Dancks found that Petitioner failed to establish (or even allege) circumstances which would excuse him from the exhaustion requirement. *See id.* at 8-10. Magistrate Judge Dancks rejected Petitioner's claim that administrative remedies were unavailable to him at the time he commenced this action because he would be released from custody before he could complete the exhaustion process. *See id.* at 9-10. Finally, Magistrate Judge Dancks found that Petitioner's unexhausted claims are not procedurally defaulted and are not subject to habeas review because Petitioner has failed to establish cause for the default and actual prejudice resulting therefrom. *See id.* at 12-13. Neither party objected to the Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having carefully reviewed the March 3, 2021 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the petition must be denied and dismissed.  Prior to seeking federal habeas relief, a petitioner must exhaust available state remedies or establish either an absence of available state remedies or that such remedies cannot adequately protect his rights.  *See Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)).  "A petitioner seeking habeas review of his parole revocation is subject to the exhaustion doctrine."  *Lebron v. Annucci*, No. 9:15-cv-829, 2016 WL 1312564, *2 (N.D.N.Y. Apr. 4, 2016) (citing *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)) (other citation omitted); *see also McQueen v. Superintendent, Franklin Corr. Facility*, No. 9:15-cv-77, 2015 WL 6449138, *4 (N.D.N.Y. Oct. 23, 2015) ("Like petitions challenging criminal convictions, habeas petitions addressing parole revocations are subject to the aforementioned exhaustion requirements").

"The typical path for exhausting a claim concerning a petitioner's parole revocation proceeding includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a C.P.L.R. Article 78 proceeding."  *Smith v. Smith*, No. 9:17-cv-258, 2018 WL 557877, *4 (N.D.N.Y. Jan. 22, 2019) (quotation omitted).  If the Article 78 proceeding is denied, the petitioner must then appeal that denial to the "highest state court capable of reviewing it."  *Scales v. N.Y.S. Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (citing *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).  As an alternative to commencing an Article 78 proceeding, a petitioner may also exhaust by filing a state habeas corpus proceeding pursuant to Article 70, and then appeal a denial of that petition to the highest state court capable of reviewing it before it will be deemed exhausted.  *See Lebron*, 2016 WL 1312564, at *2.

In the present matter, as Magistrate Judge Dancks correctly found, Petitioner's claims are plainly unexhausted. Petitioner failed to provide the state courts with a complete opportunity to consider any of his claims. Rather, Petitioner was actively litigating parallel actions in this Court and in the Appellate Division, in addition to "perfecting" his administrative appeal with DOCCS' Division of Parole Appeals Unit. *See* Dkt. No. 17. Further, Magistrate Judge Dancks also correctly found that Petitioner failed to establish, or even allege, circumstances that would excuse him from the exhaustion requirement. *See* Dkt. No. 20 at 8-11. At the time Petitioner commenced this action, he had state court remedies available to him and, in fact, he was in the process of exhausting those remedies. *See* Dkt. No. 1 at 1-2; Dkt. No. 20 at 8-20. To the extent that Petitioner claims that administrative remedies were unavailable to him because he would be released before he could complete the process, courts in this Circuit have routinely rejected that argument. *See Mothersell v. Hanna*, No. 9:17-cv-771, 2017 WL 4444040, *2-3 (N.D.N.Y. Oct. 4, 2017); *Jumpp v. Cournoyer*, No. 3:15-cv-892, 2016 WL 3647146, *4 (D. Conn. June 30, 2016). As such, the Court finds that the petition is unexhausted and the Section 2254(b)(1)(B) exceptions do not apply.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 35) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no certificate of appealability shall be issued with respect to any claims set forth in the petition because Petitioner has not made "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and the Court further

4

ORDERS that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 30, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge